OPINION
This appeal is taken by Defendant-Appellant, Kirk Koenig from the judgment of the Court of Common Pleas of Allen County denying his petition for post-conviction relief without a hearing.
On July 13, 1995, Koenig was indicted on one count of attempted murder and one count of felonious assault. Both counts of the indictment contained firearm specifications. On August 28, 1995 a jury trial commenced and Koenig was found guilty of all charges contained in the indictment. Koenig was sentenced to an indefinite term of ten (10) to twenty-five (25) years in prison plus an additional consecutive three-year term for the firearm specification.
Koenig immediately filed a direct appeal and on June 20, 1996, this court affirmed Koenig's conviction and sentence. On November 20, 2000, Koenig filed a petition for post-conviction relief. On November 28, 2000, the state filed its answer and motion to dismiss. In its judgment entry dated December 14, 2000, the trial court granted the state's motion to dismiss.
On appeal from that judgment entry Koenig presents the following four assignments of error:
1. The trial judge abused his judicial discretion and erred as a matterof law when not applying Ohio Rev. Code § 2953.23(A)(1)(a) (2) tothe delayed petition for post-conviction relief because Appellant met thecriteria and the trial judges failure to apply the law violatedAppellant's right of Due Process and Equal Protection of Law contrary tothe U.S. Constitution Amendments 5 and 14.
2. The trial judge abused judicial discretion and erred as a matter oflaw when not conducting an evidentiary hearing pursuant to Ohio Rev. Code§ 2953.22, and not allowing expert medical testimony as it pertainedto a later found exculpatory medical report dehors the record, resultingin Appellant's prejudice to further establish he was denied the effectiveassistance of counsel at trial and that the prosecution engaged inmisconduct, which, would further establish Appellant was denied his rightto the lesser charge of aggravated assault at trial in violation of the5th, 6th and 14th Amendments of the United States Constitution.
3. The trial judge abused judicial discretion and erred as a matter oflaw when not conducting an evidentiary hearing pursuant to Ohio Rev. Code§ 2953.22, and by not compelling an exculpatory ballistic report,including, the ballistic experts into court to testify at such a hearingpursuant to State v. Wiles (1998), 126 Ohio App.3d 71, to establish thatthe firearm in subject did not fire correctly and was exculpatory as toAppellant's intent, and would have further assisted in Appellant's claimsof ineffective assistance of trial counsel resulting in prejudice toAppellant's defense of the lesser charge of aggravated assault inviolation of Amendments 5, 6, and 14 of the United States Constitution.
4. The trial judge abused judicial discretion and erred as a matter oflaw when not ordering an evidentiary hearing pursuant to Ohio. Rev. Code§ 2953.22 notwithstanding the earlier arguments of not compellingmedical experts into court to testify as to the proper interpretation ofan exculpatory medical report dehors the record, which would have furtherestablished Appellant's claims of prosecutorial misconduct, by suborningperjury and making false statements during closing arguments which,prejudiced the Appellant's overall defense of the lesser charge ofaggravated assault in violation of Amendments 5 and 14 of theUnited States Constitution.
For purposes of convenience and clarity, all of Koenig's assignments of errors will be addressed together. In each assignment of error Koenig claims that the trial court abused its discretion by failing to grant an evidentiary hearing and further, by failing to grant post-conviction relief. Koenig presents several arguments in support of this claim. Each of Koenig's arguments is wholly without merit and for the reason that follow we affirm the decision of the Court of Common Pleas of Allen County.
When filing a petition for post-conviction relief R.C. 2953.21
requires:
 (A)(2) A petition [for post conviction relief] * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal.
 The transcript herein was filed in the court of appeals in December 1995 after several extensions had been granted. Thus, Koenig's petition for post-conviction relief was required to be filed by the end of June 1996 at the latest. However, Koenig's petition was filed nearly four years later on November 20, 2000. Therefore the Court of Common Pleas correctly dismissed the petition as untimely.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas of Allen County be, and hereby is, affirmed.
BRYANT, J.
WALTERS, P.J. and HADLEY, J., concur.